UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLONG VUE,<br><br>    Plaintiff,<br><br>    vs.<br><br>FRESNO SUPERIOR COURT, et al.,<br><br>    Defendants. | 1:09-cv-00681-LJO-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

Plaintiff, Blong Vue ("plaintiff"), is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on April 1, 2009 at the United States District Court for the Central District of California. (Doc. 1.) The case was transferred to the Eastern District of California on April 13, 2009. (Doc. 2.)

**I.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II. SUMMARY OF COMPLAINT

Plaintiff is a state prisoner presently incarcerated at Wasco State Prison in Wasco, California. The complaint names as defendants the Fresno Superior Court, California Department of Corrections ("CDC"), Board of Prison Terms ("BPT"), Parole Office, and Public Defender J. Bernal. Plaintiff alleges that he was convicted of vehicle theft by Judge Brant Bramer at the Fresno County Superior Court, even though the judge knew he did not commit the crime. Plaintiff also alleges that his attorney J. Bernal did not help him in court or ask for proof of finger prints. Plaintiff claims that he was mistaken for another person with the same name, Blong Vue, but with a different birth date. He alleges that the CDC, BPT, and his parole agent have given him the run-around in his attempts to correct this mistake. Plaintiff claims that his constitutional rights were violated when the judge found him guilty of a crime he did not commit, when his attorney failed to ask for proof of his identity, and when defendants failed to adequately assist him in correcting the mistakes. Plaintiff requests money damages as relief.

## III. HABEAS CORPUS

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily

2

demonstrate the invalidity of confinement or its duration." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

In the complaint, plaintiff clearly challenges his conviction and sentence. Plaintiff claims he was falsely accused of a crime and falsely convicted because of errors made by the court and his attorney. Plaintiff claims he has been unable to correct the mistakes because defendants failed to properly assist him. Although he seeks money damages as relief and does not request the reversal of his conviction or a correction to his sentence, success in this action would necessarily demonstrate the invalidity of confinement or its duration. Therefore, plaintiff's sole federal remedy is a writ of habeas corpus, and the court should dismiss the claim without prejudice.

## IV. CONCLUSION

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983. The court also finds that the deficiencies in the complaint are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Therefore, based on the foregoing analysis, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 6, 2009                              /s/ Sandra M. Snyder**

3

UNITED STATES MAGISTRATE JUDGE

4